UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MALIBU MEDIA, LLC, | * |
|    Plaintiff, | * |
| v. | *  CASE NO. 1:13-cv-03438-ELH |
| JOHN DOE subscriber assigned IP address 98.218.21.63, | * |
| | * |
|    Defendant. | * |

_____

## MOTION FOR LEAVE TO FILE AFFIDAVIT UNDER SEAL

Defendant John Doe subscriber assigned IP address 98.218.21.63 ("John Doe"), by and through his attorneys, Anne T. McKenna and Silverman|Thompson|Slutkin|White|LLC, respectfully moves this Court, pursuant to Local Rule 105.11, to grant John Doe leave to file the Unredacted Affidavit of John Doe under seal. In support hereof, John Doe states the following:

## INTRODUCTION

John Doe is a sixty-one year old resident of Maryland who, in early December 2013, received a letter from his Internet Service Provider (ISP), Comcast, notifying him that he is the subscriber assigned IP address 98.218.21.63. Attached to the letter from Comcast was a copy of a third-party subpoena directed to Comcast, the Complaint in this matter, and the November 19, 2013 Order of Judge Ellen Hollander authorizing the third-party subpoena.

John Doe vehemently denies the allegations in the Complaint alleging copyright infringement, as well as the other unsubstantiated defamatory factual allegations regarding consumption of pornographic materials. John Doe rightly fears that the Complaint's false and

1

unfounded allegations will ruin his reputation in the community and cause extreme emotional pain and suffering to his family and loved ones.

John Doe's fears are not ungrounded. He is one of thousands "John Doe" defendants sued by Plaintiff Malibu Media, LLC ("Malibu Media"), generally recognized as a "copyright troll."[1] In the last few years, Malibu Media has filed over a thousand similar lawsuits all over the country. Usually, Malibu Media will settle the lawsuit for a nominal amount, always just slightly less than it would cost the defendant to defend against the lawsuit. Defendants are eager to settle if only to make Malibu Media leave them alone because they do not want their names associated with the consumption of online pornography. Of the thousands of lawsuits Malibu Media has filed, only one has ever been taken through trial.[2]

Recognizing the potential for abuse, this Court's November 19, 2013 Order granting Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (ECF No. 6), thoughtfully and proactively placed several limitations on Plaintiff's access to and use of the information sought. For example:

- The Court permits Plaintiff to obtain from the clerk a subpoena to Comcast, but orders that Comcast delay producing the subpoenaed information until after the John Doe subscriber has been provided with notice that the subscriber has 30 days in which to file a motion to quash or vacate the subpoena, or for other appropriate relief.

---

[1] "Copyright troll" is a pejorative term for a party that enforces copyrights it owns for purposes of making money through litigation, in a manner considered unduly aggressive or opportunistic, generally without producing or licensing the works it owns for paid distribution. *See* Beth Hutchens, *Copyright Trolls: The Meaner Sister of Patent Trolls*, IPWatchdog, Dec. 8, 2010, http://www.ipwatchdog.com/2010/12/08/copyright-trolls-the-meaner-stepsister-of-patent-trolls/id=13695/; *see also* Shyamkrishna Balganesh, *The Uneasy Case Against Copyright Trolls*, available at https://www.stanford.edu/dept/law/ipsc/Paper%20PDF/Balganesh,%20Shyam%20-%20Paper.pdf.

[2] *See Malibu Media, LLC v. John Doe, et al.*, 12-cv-2078, filed in the United States District Court for the Eastern District of Pennsylvania.

- The Court provides the John Doe subscriber with further protections by permitting him or her to move to quash the subpoena anonymously.

- The Court instructs Malibu Media to mark the information received from Comcast as "Highly Confidential" and only to use the information to determine whether it has sufficient information to amend the complaint to name the subscriber as an individual defendant.

- The Court further provides that any amended complaint filed by Malibu Media naming an individual defendant shall be filed so that the name and any specifically identifying information is redacted from the publically available court docket, with an unredacted copy filed under seal.

- Finally, the Court prohibits Malibu Media from initiating any settlement communications with any unrepresented John Doe defendant whose identity has been revealed pursuant to the third-party subpoena.

Given the protections afforded this John Doe by the Court's Order, John Doe should not be required to unnecessarily reveal his identity.

### REQUIREMENTS TO FILE UNDER SEAL

Local Rule 105.11[3] requires that a motion to seal any document to be filed with the Court include: (a) proposed reasons supported by specific factual representations to justify the sealing and (b) explanation why alternatives to sealing would not provide sufficient protection. Local

---

[3] Local Rule 105.11 states: Any motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed with the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection. The Court will not rule upon the motion until at least 14 days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials. Upon termination of the action, sealed materials will be disposed of in accordance with L.R. 113.

R. 105.11; *see also Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 120-121 (Md. 2009). Because Local Rule 105.11 requires that the Court not rule upon the motion to seal until 14 days after it is filed – so as to permit objections by interested parties – materials that are the subject of the motion, such as the Unredacted Affidavit of John Doe,[4] shall remain temporarily sealed pending a ruling by the Court.

### **GROUNDS IN SUPPORT OF SEALING JOHN DOE'S UNREDACTED AFFIDAVIT**

While the common law presumes the right of the public to inspect and copy all judicial records,[5] this presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access."[6] Ultimately, "the decision whether to allow public access to judicial records is a matter of the district court's (supervisory) and discretionary power."[7] The court thus must balance the public's right to access court records against any competing interests in confidentiality as well as the public policy served by sealing the record in question.[8]

The Supreme Court recommends that factors to be weighed in this balancing test include: (1) "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage;" (2) "whether release would enhance the public's understanding of an important historical event;" and (3) "whether the public has already had access to the information contained in the records."[9]

---

[4] The Unredacted Affidavit of John Doe was filed under seal immediately prior to the filing of this Motion. [*See* ECF. 11.]

[5] *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 120-21 (D. Md. 2009); *Va. Dep't of State Police v. The Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n. 17 (1980).

[6] *Minter*, 258 F.R.D. at 120-21 (citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

[7] *Id.* (citing *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

[8] *See*, *M.P. v. Schwartz*, 853 F. Supp. 164, 166 (D. Md. 1994).

[9] *M.P. v. Schwartz*, 853 F. Supp. at 167; *In Re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589).

In this case, John Doe seeks to protect his identity in accordance with the terms of this Court's November 19, 2013 Order. In weighing the factors listed by the Supreme Court in *M.P. v. Schwartz*, the inescapable conclusion is that the factors weigh in favor of sealing John Doe's unredacted affidavit. First, given that in other similar cases, Plaintiff has used the information sought to coerce embarrassed defendants into unfair settlements, there is reason to believe that Malibu Media seeks to learn John Doe's identity for an improper purpose. Second, release of John Doe's identity would not in any way enhance the public's understanding of an important historical event. And third, the public does not already have access to the information contained in the records. Finally, considering the inflammatory nature of the allegations in the Complaint, there is a public interest in protected John Doe's identity from being wrongfully associated with the alleged copyright infringement. John Doe is rightfully concerned that his local community will turn against him if his name is associated with the allegations in the Complaint. Further, Malibu Media has not presented any evidence that John Doe himself, as opposed to another in his household or a neighbor using his wireless router, downloaded the copyrighted material.

John Doe is a married man, residing with his wife of nearly thirty years. He is a father and grandfather. He is an active member of a church in his local community and through his church regularly volunteers with a local homeless shelter. He is also a caregiver for a terminally ill, disabled individual, who he takes to therapy a few times a week when he is not working. John Doe is gravely concerned with having his name associated with this lawsuit. He rightly fears that it will ruin his reputation in the community and cause extreme emotional pain and suffering to his family and loved ones.

At this point in the case, there is no alternative to sealing that would protect the rights of John Doe and his family. The sealed, unredacted affidavit permits the court to know who the

putative defendant is. The Unredacted Affidavit of John Doe is the only document that has been requested to be sealed in the above-captioned case. Moreover, in other copyright troll cases, this Court has stated that "[t]here are . . . times when personal privacy concerns and other extenuating circumstances allow for anonymous filing." *Cinetel Films, Inc. v. Does 1-1,052*, 11-cv-02438-JFM, at 2 n.2 (D. Md. Apr. 4, 2012)[10] (Motz, J.) (citing *Does 1-23 v. Advanced Textile*, 214 F.3d 1058, 1068-69 (9th Cir. 2000) (stating that parties may "use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment")).

## CONCLUSION

WHEREFORE, Defendant John Doe respectfully requests that this Court enter an Order granting leave to file the Unredacted Affidavit of John Doe under seal. A proposed Order to Seal the Unredacted Affidavit is attached. A copy of the Unredacted Affidavit is being filed with the Court, but will not be distributed to Plaintiff pending the Court's Ruling on This Motion

Dated: February 5, 2014                                   Respectfully submitted,

                                                                                /s/
                                                          Anne T. McKenna, Fed. Bar No. 23270
                                                          SILVERMAN|THOMPSON|SLUTKIN|WHITE|LLC
                                                          201 N. Charles Street, Suite 2600
                                                          Baltimore, Maryland 21201
                                                          Tel:    (410) 385-2225
                                                          Fax:    (410) 547-2432
                                                          amckenna@silvermckenna.com

                                                          *Counsel for Defendant, John Doe subscriber assigned IP address 98.218.21.63*

---

[10] A copy of the court's opinion is attached hereto as **Exhibit A**.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of February, 2014, a copy of Defendant John Doe's Motion for Leave to File Under Seal the Unredacted Affidavit of John Doe was filed electronically with the clerk of the United States District Court for the District of Maryland *via* the court's Case Management/Electronic Case Filing system, and was served upon the following counsel of record:

>Jon A. Hoppe, Esq.
>Maddox, Hoppe, Hoofnagle & Hafey, L.L.C.
>1401 Mercantile Lane # 105
>Largo, Maryland 10774

/s/
Anne T. McKenna