## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MALIBU MEDIA, LLC,                              *

      Plaintiff,                            *

v.                                              *       CASE NO. 1:13-cv-03438-ELH

JOHN DOE subscriber assigned IP address         *
98.218.21.63,
                                                *
      Defendant.                            *

                                                               *

_____

## REPLY TO PLAINTIFF'S OPPOSITION TO
## DEFENDANT JOHN DOE'S MOTION TO QUASH SUBPOENA

        Defendant, John Doe subscriber assigned IP address 98.218.21.63 ("John Doe"), by and through his attorneys, Anne T. McKenna and Silverman|Thompson|Slutkin|White|LLC, hereby files this Reply to Plaintiff's Opposition to John Doe's Motion to Quash Subpoena or in the Alternative for a Protective Order and For Costs and Attorney's Fees (the "Motion to Quash") [ECF. 10]. In support hereof, John Doe states as follows:

## INTRODUCTION

        Plaintiff Malibu Media has dragged John Doe into federal court based on nothing more than the fact that he is a Comcast account holder assigned a particular IP address, an IP address that Malibu Media alleges was connected to certain infringing activity. Malibu Media *hopes* that it has the right person, but as recognized by United States District Courts across the country, being the account holder assigned an IP address does not equate to being a copyright infringer. Nevertheless, while Malibu Media goes on fishing expeditions, thousands of similarly situated Doe defendants are forced into a lose-lose situation: either pay Malibu Media even if you did not do anything wrong, or pay an attorney to defend you. Either way, you pay.

Unlike other Malibu Media lawsuits in which the Doe defendant sought to quash the ISP subpoena based on unsubstantiated denials of culpability, John Doe provided two separate sources of sworn testimony establishing his innocence. But when faced with irrefutable evidence that it is suing the wrong person, instead of dismissing the case, Malibu Media has chosen to double down and persist in its persecution of John Doe. Malibu Media's Memorandum in Opposition to the Motion to Quash (the "Opposition") [ECF. 13] is replete with half-truths and unsubstantiated accusations. For no articulable reason, Malibu Media seeks to discover John Doe's identity even though:  (i) John Doe is not the infringer, (ii) John Doe has gone to great expense to establish that he is not the infringer, and (iii) John Doe has ***no idea*** who the infringer is.

With the evidence before this Court, permitting Comcast to turn over John Doe's identity to Malibu Media accomplishes nothing. John Doe is not himself the infringer (nor is anyone in his household), and John Doe possesses no usable or discoverable information to help Malibu Media identify the actual infringer. Accordingly, John Doe respectfully requests that this Court grant the Motion to Quash the Comcast Subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure because Malibu Media has failed to offer any legally justifiable basis for its subpoena.

In the alternative, should the Court determine, despite the overwhelming evidence before it, that it lacks sufficient grounds to quash the subpoena under Rule 45, John Doe respectfully requests that this Court issue a protective order issue pursuant to Rule 26 of the Federal Rules of Civil Procedure and forbid Comcast to disclose John Doe's identity and contact information because John Doe has demonstrated good cause showing that such disclosure would cause annoyance, embarrassment, oppression or undue expense.

Should this Court, however, decline to either quash the subpoena or issue a protective order forbidding Comcast to disclose John Doe's identity, John Doe respectfully requests that this Court allow him to proceed anonymously. Such protections are fully in line with steps already taken by this Court and will not cause prejudice to Malibu Media. Moreover, because undersigned counsel has entered her appearance in this matter, undersigned counsel can accept service of the Complaint on behalf of John Doe, making disclosure of John Doe's identity and address superfluous.

## STATEMENT OF FACTS

### A.   John Doe's Proof of Non-Infringement and Motion to Quash Subpoena to Comcast

John Doe and his wife have two adult children and neither adult child lives with John Doe and his wife. *See* Supplemental Affidavit of John Doe ¶ 1, attached hereto as **Exhibit A**.[1] The *only* individuals who reside in John Doe's household are he and his wife of 30 years. *See* Ex. A ¶ 2. John Doe's Internet Service Provider, Comcast Cable, provided and installed the wireless router in question. *Id.* ¶ 3.

On November 15, 2013, Malibu Media filed the Complaint in this matter, naming as Defendant John Doe subscriber assigned to Internet Protocol (IP) address 98.218.21.63. In early December 2013, John Doe received a letter from his Internet Service Provider (ISP), Comcast, notifying him that he is the subscriber assigned IP address 98.218.21.63, along with a copy of the Subpoena issued to Comcast from Malibu Media, the Complaint in this matter, and the November 19, 2013 Order of Judge Ellen Hollander authorizing the third-party subpoena.

---

[1]   Undersigned counsel is still awaiting receipt from John Doe of the signed affidavit, which undersigned counsel will file with this Court immediately upon receipt.

On or about December 30, 2013, Steven S. Stern, an independent computer forensic expert with Safe Harbor Discovery, took possession of and examined John Doe's only computer, a Hewlett Packard desktop computer. *See* Mot. to Quash at 10. Upon completion of his examination, Mr. Stern determined that:

(i)     John Doe does not possess the files in question;

(ii)    not only are the copyrighted Malibu Media files not on John Doe's computer, but they were never on his computer; and

(iii)   the BitTorrent file sharing software is not, and never was, on John Doe's computer.

On February 5, 2014, John Doe moved to quash the subpoena issued to Comcast due to the gravely prejudicial and irreparable reputational and emotional harm that would result from erroneously branding him as a consumer of online pornography. On February 24, 2014, Malibu Media filed Plaintiff's Opposition to John Doe's Motion to Quash.

## ARGUMENT

## I.     MALIBU MEDIA MISREPRESENTS ITS OWN LEGAL AND FACTUAL HISTORY

True to form, Malibu Media's Opposition is peppered with misrepresentations and half-truths. Malibu Media's Opposition broadly proclaims in a section title that "***Courts throughout the Country Have Expressly Found that Malibu Media's Counsel do not Engage in Improper Litigation Tactics***." In so stating, Malibu Media has knowingly misrepresented the facts and the law, and has failed to disclose adverse legal authority to the Court. In a blatant mischaracterization of its district court track record, Malibu Media's Opposition presents the illusion of a nationwide consensus among courts that its litigation tactics are not improper. This illusion, however, presents various court holdings out of context and neglects to mention any one

of the several decisions finding Malibu Media's litigation tactics not only improper but worthy of sanction.

Contrary to Malibu Media's mischaracterizations, at least two courts have expressly found that Malibu Media's counsel do, in fact, engage in improper litigation tactics. *See Malibu Media, LLC v. Doe*, 2013 WL 6579338 (E.D. Wis. Dec. 12, 2013) (awarding sanctions); *Malibu Media, LLC v. Doe*, 2013 WL 4821911 (W.D. Wis. Sept. 10, 2013) (same).[2] In both cases, the court imposed sanctions on Malibu Media under Federal Rule of Civil Procedure 11(b), which prohibits an attorney from presenting a pleading to the court for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

These serious and grave sanctions were based on Malibu Media's common practice of suing anonymous defendants and attaching an exhibit to its complaint ("Exhibit C") containing a list of pornographic film titles allegedly downloaded by the defendant. Astonishingly, the titles listed in Exhibit C were not subject to Malibu Media's copyright. Rather, the titles were obscene and offensive hardcore pornography that would be significantly more embarrassing for the defendant than Malibu's own, soft-core pornographic film titles. Both courts separately and independently concluded that Malibu Media's inclusion of Exhibit C was sanction-worthy conduct because "the intent was to harass and intimidate defendants into early settlements by use of the salacious nature of others' materials, rather than the merit of its own copyright claims." *See* 2013 WL 4821911 at *1.

When it chose to deceptively and improperly state in a signed filing before this Court that "*[c]ourts throughout the Country Have Expressly Found that Malibu Media's Counsel do not Engage in Improper Litigation Tactics,*" Malibu Media purposefully misrepresented the law and

---

[2]    A third district court has ordered Malibu Media to show cause as to why attaching Exhibit C to the complaints at issue does not violate Federal Rule of Civil Procedure 11(b). *Malibu Media, LLC v. Doe*, 2013 WL 5276081 (E.D. Wis. Sept. 17, 2013).

deliberately failed to inform this Court of these facts. This rises to the level of improper conduct under the Maryland Lawyer's Rules of Professional Conduct. *See* MLRPC 3.3(a)(1-3), Cmt. 4 ("Legal argument based on a knowingly false representation of law constituted dishonesty toward the tribunal.").

Additionally, Malibu Media trumpets its one and only trial win, *see* Opp. at 3, as if winning that one trial entitles Malibu Media to drag John Doe's name and thousands of other individuals' names through the mud. In a blatant misrepresentation to this Court, Malibu Media fails to mention that the defendant in its one trial of these thousands of cases *admitted* his guilt, and that Judge Baylson awarded Malibu Media "substantial damages" ***only because*** the defendant had destroyed evidence and perjured himself. *See Malibu Media, LLC v. John Does 1, 6, 13, 14, and Bryan White*, 950 F. Supp. 2d 779, 788 (E.D. Pa. 2013). Specifically, Judge Baylson stated ". . . in this case, because of Bryan White's having perjured himself at the Rule 104 hearing and having taken steps to destroy and conceal evidence, a further substantial award of damages was necessary."[3] *Id.* Absent the perjury and destruction of evidence, Judge Baylson would have awarded drastically lesser damages. *See id.* ("As many judges in copyright cases automatically begin with the minimum amount of statutory damages, $750 per infringement, and then treble that amount to note that the defendant committed a serious tort, I followed this practice.")

Finally, Malibu Media cites Judge Baylson's Memorandum Report, claiming "Judge Baylson found 'Malibu Media Malibu *[sic]* has satisfied its burden of proof with substantial

---

[3]   Judge Baylson further stated that "Bryan White's wiping clean of his computer in attempting to cover up the fact that he had downloaded the BitTorrent software, as well as five of Malibu's movies, required a substantial penalty, and also to make a statement that would effectively deter others from acting as Bryan White had acted in this case." *Id.*

evidence and deserves a large award.'" Opp. at 3. Malibu Media, however, takes this quote out
of context. What Judge Baylson *actually* wrote is the following:

> I have previously noted the fact that the infringement cases brought by Malibu
> and other similarly situated companies have attracted a great deal of attention, not
> only of federal district judges but also of bloggers who assert that "copyright
> trolls" are using unscrupulous tactics and false accusations to collect millions of
> dollars from innocent and injured computer users. I do not have any opinion as to
> the truth of the situation as regards to other plaintiffs in other courts. ***But here,***
> Malibu has satisfied its burden of proof with substantial evidence and deserves a
> large award. Bryan White, because of his conduct, deserves a heavy dose of
> damages which should also act as a deterrent to others.

*Malibu Media, LLC v. John Does 1, 6, 13, 14, and Bryan White*, 950 F. Supp. 2d 779, 788

(emphasis added). Judge Baylson, by his own accord, clearly limits his holding to the particular

case. Thus, it has no precedential value here.

Malibu Media is clearly playing fast and loose with the facts. With Malibu Media taking

such factual liberties, this Court should be circumspect of Malibu Media's Complaint and

Motion for Expedited Discovery pursuant to which the Subpoena to Comcast was issued.

## II.     MALIBU MEDIA FICTIONALIZATION OF JOHN DOE'S CONDUCT

Malibu Media also makes a number of unsubstantiated factual allegations, which lack

any basis in reality:

- "... it is likely that whoever was using Defendant's Internet to infringe Plaintiff's
  movies was told to stop by Defendant." Opp. at 5;

- "... it is highly likely the infringer is in Defendant's home, or Defendant knows the
  identity of the infringer." *Id.* at 8-9; *see also id.* at 11 ("Here, it is highly likely
  Defendant knows who the infringer is or can provide Plaintiff with relevant
  information to aid Plaintiff in identifying the infringer.")

- "... all defendants would go to Best Buy and purchase a new computer and have an
  expert examine it." *Id.* at 9.

- "Defendant's declaration conspicuously omits information regarding: (1) who else
  resides in his home and had access to his Internet during the dates and times alleged
  on the complaint." *Id.* at 5.

- "Defendant does not provide Plaintiff or the Court with information as to who lives in his household other than his wife." *Id.*

Though Malibu Media is entitled to come up with as many theories as it wishes, simply putting those theories to paper and filing them with the court does not make them true or accurate. As much as Malibu Media may want John Doe to be, or know, the actual infringer, the fact remains that he neither is, nor knows, who allegedly infringed Malibu Media's copyrights.

## III.   MALIBU MEDIA'S SURREPTITIOUS SURVEILLANCE IS AN IMPROPER BASIS FOR ITS COMPLAINT AND SUBPOENA.

While many courts have expressed a high level of concern with Malibu Media's business model, *see generally* Mot. to Quash at 3-7, it seems that no court has grappled with the true nature of Malibu Media's operation. Malibu Media explicitly tells this Court that it is engaged in **active monitoring** of John Doe's Internet activity:

- "Plaintiff's investigator, IPP International UG, established a direct TCP/IP connection with the Defendant's IP address . . . ." Compl. ¶ 18;

- "IPP International UG connected, over a course of time, with Defendant's IP address . . . ." *Id.* ¶ 23;

- "The length of time which Plaintiff's investigator **recorded** Defendant infringing Plaintiff's movies demonstrates . . . ." Opp. at 4 (emphasis added);

- "Plaintiff's investigator **monitors** a wide variety of BitTorrent traffic." *Id.* at 5 (emphasis added);

- "Here, Plaintiff's investigator returned a long list of BitTorrent activity by Defendant's IP address. This list demonstrates that the last date that Defendant's IP address used BitTorrent was on November 28, 2013 to download 'Eric Clapton Crossroads Guitar Festival.'" *Id.*

In the vast majority of complaints filed in the federal district courts, Malibu Media openly admits it is connecting directly with individuals' computers without their knowledge or consent. Malibu Media monitors Internet usage of individuals throughout the world. As evidenced by its own Complaint and Opposition, Malibu Media is not looking merely for its own copyrighted content,

but is tracking and establishing direct connections with individuals to monitor Internet-based electronic communications. This surreptitious surveillance should not be a basis for granting a subpoena.

## IV. THE COURT SHOULD QUASH THE SUBPOENA IN ITS ENTIRETY OR ENTER A PROTECTIVE ORDER FORBIDDING THE DISCLOSURE OF JOHN DOE'S IDENTITY AND CONTACT INFORMATION.

At first blush, Malibu Media's Opposition is full of authority supporting the denial of John Doe's Motion to Quash. However, Malibu Media has not cited a single case where the putative defendant offered the court irrefutable evidence of innocence supported by an independent computer forensic expert. In fact, to undersigned counsel's knowledge, until now there has not been a case like this where the Doe defendant offered Malibu Media and the court actual evidence of his or her innocence as opposed to a general denial of liability.

Malibu Media has failed to cite a single case in support of its contentions where the putative defendant has offered evidence that neither he nor anyone in his household committed the infringement alleged in the complaint. Thus, the Court should follow the lead of Judge Harold Baker and quash the Subpoena or enter a protective order as requested by John Doe. *See generally VPR Internationale v. Does 1-1017*, No. 11-2068, 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011). In *VPR Internationale*, Judge Baker denied the plaintiff's motion for expedited discovery in the first instance because he held there to be no correlation between IP address, the internet subscriber, and the infringing activity.

To decide otherwise would be tantamount to holding that Malibu Media can target whomever it wishes, that Doe defendants have no choice but to proceed with defending against a federal lawsuit, and that there is ***nothing*** a Doe defendant can do to prove his innocence and protect his good name.

Additionally, John Doe cannot be vicariously liable for what someone else does on his wireless Internet network. Vicarious liability for copyright infringement attaches only when the defendant "possessed the right and ability to supervise the infringing conduct and had an 'obvious and direct financial interest in the exploitation of copyrighted materials.'" *Thomas v. Artino*, No. DKC 2008–2142, 2010 WL 3245417, at \*1 (D. Md. Aug. 17, 2010) (citing *Nelson-Salabes, Inc. v. Morningside Development, LLC*, 284 F.3d 55 (4th Cir. 2002); 3 *Nimmer on Copyright* § 12.04 (2010)). John Doe lacks the "obvious and direct financial interest in the exploitation of [Malibu Media's] copyrighted materials." *Id.*

Finally, Malibu Media's demonstrated need for the information sought by the Subpoena is obviated by undersigned counsel's appearance in this matter on behalf of John Doe. Malibu Media specifically stated that the information sought by Subpoena is to "enable Plaintiff to serve process on Defendant." Mot. to Expedite Discovery at 6. However, because undersigned counsel will accept service of process on behalf of John Doe, Malibu Media can effect proper service on undersigned counsel.

## V.   IN THE ALTERNATIVE, THE COURT SHOULD ALLOW JOHN DOE TO PROCEED ANONYMOUSLY.

In granting Malibu Media's Motion to Expedite Discovery (as defined in the Motion to Quash), this Court entered an order that defined the parameters pursuant to which Malibu Media was permitted to issue the Subpoena to Comcast (the "November 19 Order"). The Court's November 19 Order afforded John Doe a number of protections. Most importantly, the November 19 Order provides as follows:

> 4.    On receipt of the Information from the ISP, Malibu must mark it as "Highly Confidential," and, absent further order of the Court, may only use it to determine whether, pursuant to Rule 11(b), it has sufficient information to amend the complaint to name as an individual defendant the Subscriber. Unless otherwise ordered by the Court, Malibu, its agents, representatives and attorneys may not disclose the Information received

from the ISP to any person not directly involved as an attorney in representing Malibu in this copyright infringement action relating to the Information received, except as provided below. Any person to whom the Information or its contents are disclosed shall be required to sign an agreement to be bound by the provisions of this Order, enforceable by an action for contempt, prior to being informed of the Information or its contents. **Any amended complaint filed by Malibu naming an individual defendant shall be filed so that the name and any specifically identifying information is redacted from the publically available court docket, with an unredacted copy filed under seal.**

Nov. 19 Order ¶ 4 (emphasis added).

Should the Court find that it lacks sufficient grounds to quash the Subpoena or enter a protective order forbidding disclosure of John Doe's identifying information, John Doe requests that the Court allow him to proceed anonymously as "John Doe subscriber assigned IP address 98.218.21.63." John Doe further requests that the Court order Malibu Media to serve any amended complaint on undersigned counsel. Such requests are fully in line with steps already taken by this Court and will not cause prejudice to Malibu Media because Malibu Media and its counsel will know John Doe's identity, enabling Malibu Media to determine whether to proceed with this action against John Doe.

## VI.   JOHN DOE WILL RENEW HIS MOTION FOR COSTS AND ATTORNEY'S FEES AT THE APPROPRIATE TIME.

As Malibu Media recognizes in its Opposition, the "material alteration test" governs the prevailing party inquiry for an award of attorney's fees under section 505 of the Copyright Act. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598, 604 (2001); Opp. at 13. Though prevailing on the current Motion to Quash does not make John Doe the "prevailing party" for the purposes of this litigation, Malibu Media is needlessly forcing John Doe to devote significant financial resources to defending against this lawsuit. As such, John Doe expects to renew his motion for costs and all attorney's fees upon entry by the Court of an order that does materially alter the legal positions of the parties.

11

## <u>CONCLUSION</u>

For the reasons set forth above and in his previously filed Motion to Quash, John Doe respectfully requests that this Court quash the subpoena issued to Comcast pursuant to Rule 45 of the Federal Rules of Civil Procedure, or in the alternative enter a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure forbidding the disclosure of John Doe's identity and contact information. In the alternative, John Doe respectfully requests that this Court allow him to proceed anonymously and order service of an amended complaint, if any, on John Doe's counsel of record. John Doe further requests any other and further relief as the Court deems just and proper.

Dated: March 13, 2014                                   Respectfully submitted,

                                                            _____/s/_____
                                                            Anne T. McKenna, Fed. Bar No. 23270
                                                            SILVERMAN|THOMPSON|SLUTKIN|WHITE|LLC
                                                            201 N. Charles Street, Suite 2600
                                                            Baltimore, Maryland 21201
                                                            Tel:    (410) 385-2225
                                                            Fax:    (410) 547-2432
                                                            amckenna@silvermckenna.com

                                                            *Counsel for Defendant, John Doe subscriber*
                                                            *assigned IP address 98.218.21.63*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 13<u>th</u> day of March, 2014, a copy of the Reply to Plaintiff's Opposition to Defendant John Doe's Motion to Quash Subpoena was filed electronically with the clerk of the United States District Court for the District of Maryland *via* the court's Case Management/Electronic Case Filing system, and was served upon the following counsel of record:

    Jon A. Hoppe, Esq.
    Maddox, Hoppe, Hoofnagle & Hafey, L.L.C.
    1401 Mercantile Lane # 105
    Largo, Maryland 10774


                                        /s/
                                    Anne T. McKenna