UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

April 11, 2014

MEMORANDUM TO COUNSEL

    Re:    *Malibu Media, LLC v. John Doe*
            Civil Action No: 13-cv-03438

Dear Counsel:

This case concerns the alleged infringement of plaintiff's copyrights on adult pornographic films. The John Doe defendant in the suit has been identified only by his Internet Protocol address ("IP Address").

On November 15, 2013, plaintiff ("Malibu") filed a Motion to Expedite Discovery, seeking an order to permit plaintiff to serve a subpoena upon the Doe defendant's internet service provider ("ISP") to obtain the Doe defendant's identifying information. ECF 4. On November 19, 2013, the Court issued an Order granting plaintiff's motion, with several conditions. ("Order," ECF 6). Specifically, the Order sets forth a detailed process by which plaintiff may obtain identifying information about the Doe defendant without unnecessarily compromising the Doe defendant's privacy or creating the risk of abusive settlement negotiations. *Id.* Among other things, the Order directs that, if plaintiff obtains the Doe defendant's identifying information from the ISP, it must be kept confidential and not disclosed in any public court filings, absent further order of the court. *Id.* The Order also requires a court order for any discovery or settlement negotiations, although it does permit a one-hour deposition of the Doe defendant. *Id.*

On February 5, 2014, the Doe defendant filed a "Motion to Quash Subpoena," in which the defendant moved to quash the subpoena that had been issued to his ISP or, in the alternative, for a protective order allowing him to proceed anonymously. ("Motion," ECF 10). Malibu filed a response in opposition on February 24, 2014, ECF 13, and plaintiff replied on Mach 13, 2014. ECF 14. For the reasons that follow, the Motion will be granted, in part, and denied, in part.

Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure provides that a "court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter." Although defendant acknowledges that his identity "may not be privileged in other circumstances," defendant claims that his identity is privileged in this case because "there is irrefutable evidence that John Doe did not commit the alleged copyright infringement, and there is such a high risk of harm" of "untold reputational injury, harassment, and embarrassment." Motion at 12. The irrefutable evidence to which the Motion refers is (1) the sworn affidavit of

the defendant in which he denies the allegations regarding copyright infringement, ECF 11,[1] and (2) the sworn affidavit of Steven F. Stern, an "independent computer forensic expert," who examined the defendant's computer and concluded that the copyrighted files are not and had never been on defendant's computer.  ECF 10-4.

Defendant's argument and evidence are directed toward the ultimate question of liability in the case, but they do not establish grounds for quashing the subpoena.  *See Patrick Collins, Inc. v. Does 1-10*, Civ. No. JFM-12-00094, 2012 WL 1144980 (D. Md. Apr. 4, 2012) ("[I]t is a well-established principle that no matter what reason is given for why a Doe Defendant could not have been the infringer . . . such general denials of liability cannot serve as a basis for quashing a subpoena." (internal quotation marks omitted)); *see also Malibu Media, LLC v. Doe*, Civ. No. JKB-13-512, 2013 WL 6577039 (D. Md. Dec. 12, 2013) ("The Plaintiff is not required to prove its contentions at this stage.").  Plaintiff's interest in obtaining relief for the alleged copyright infringement outweighs defendant's privacy interest in his identity, particularly in light of the various protections afforded to defendant by the Order.  Accordingly, the Court will not quash the subpoena.

Defendant also requests that the Court "allow him to proceed anonymously as 'John Doe subscriber assigned IP address 98.218.21.63'" and that "the Court order Malibu Media to serve any amended complaint on undersigned counsel."  Reply at 11.  Plaintiff has not opposed this request; in fact, it advised the Court that "Malibu Media has a policy of always allowing a Defendant to proceed anonymously who requests to do so."  Opp. at 9.  And, allowing defendant to proceed anonymously would further address the privacy concerns discussed in the Order.  Accordingly, defendant will be permitted to proceed anonymously.  *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (party may proceed anonymously "to preserve privacy in a matter of sensitive and highly personal nature").

Therefore, plaintiff is directed to refer to defendant as "John Doe subscriber assigned IP address 98.218.21.63" or "John Doe" in all future filings in this case.  And, plaintiff shall serve any amended complaint on counsel for the John Doe defendant.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

                                      Sincerely,

                                      /s/
                                    Ellen Lipton Hollander
                                    United States District Judge

---

[1] Plaintiff filed both a redacted and unredacted version of John Doe's Affidavit.  ECF 10-2 (redacted); ECF 11 (unredacted).  He also filed a Motion to Seal the unredacted version.  ECF 12.  The Motion to Seal is GRANTED.