UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MALIBU MEDIA, LLC, | * |
|     Plaintiff, | * |
| v. | *   CASE NO. 1:13-cv-03438-ELH |
| JOHN DOE subscriber assigned IP address 98.218.21.63, | * |
| | * |
|     Defendant. | * |
| | * |

_____

**DEFENDANT'S MOTION TO STAY CASE AND OUTSTANDING ISP SUBPOENA PENDING RESOLUTION OF SIMILARLY SITUATED LITIGATION**

    Defendant, John Doe subscriber assigned IP address 98.218.21.63 ("John Doe"), by and through undersigned counsel, Anne T. McKenna and the law firm of Silverman, Thompson, Slutkin & White, LLC ("STSW"), respectfully moves this Honorable Court to stay this case and stay the Subpoena issued to John Doe's Internet Service Provider in this case pending resolution of similarly situated litigation currently before the Court, the outcome of which may affect this case. In support hereof, John Doe states as follows:

    1.    On or about November 15, 2013, Plaintiff, Malibu Media, LLC ("Malibu Media") filed suit against John Doe alleging copyright infringement. *See generally* Compl. [ECF 1].

    2.    That same day, Malibu Media also filed a Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (the "Motion to Expedite Discovery") [ECF 4].

    3.    On or about November 19, 2013, the Court granted Malibu Media's Motion to Expedite Discovery, subject to certain enumerated conditions and limitations. *See* Nov. 19, 2013 Order [ECF 6].

4.      Pursuant to the Court's Order granting the Motion to Expedite Discovery, Malibu Media served a subpoena on Comcast Corporation ("Comcast"), John Doe's Internet Service Provider (ISP), demanding disclosure of John Doe's identifying information (the "ISP Subpoena").

5.      Comcast, in turn, sent John Doe a letter notifying him that he is the subscriber assigned IP address 98.218.21.63 and giving him thirty (30) days to move to quash or otherwise respond to the ISP Subpoena.

6.      On or about February 5, 2014,[1] John Doe filed a Motion to Quash Subpoena or in the Alternative For a Protective Order and For Costs and Attorney's Fees (the "Motion to Quash") [ECF 10].  After a full briefing thereof by counsel, on or about April 11, 2014, the Court denied the Motion to Quash.  *See* Apr. 11, 2014 Mem. to Counsel [ECF 17].

7.      Since that time, Malibu Media has filed multiple motions to extend the time within which Malibu Media has to serve John Doe with the Summons and Complaint in this matter because Comcast has yet to provide it with John Doe's identifying information.  [ECF 15, 18, 20].

8.      On or about March 28, 2014, in a similarly situated litigation commenced by Malibu Media in this Court, Case No. 1:14-cv-00223-MJG (the "Similarly Situated Litigation"), a yet-unidentified Doe Defendant ISP subscriber filed a Motion to:  (1) Intervene Anonymously; (2) Consolidate Malibu Media Cases; and (3) Temporarily Stay Outstanding Subpoenas (the "Procedural Motion") [ECF 7 therein].  Contemporaneously therewith, the Doe Defendant ISP subscriber filed a Motion for an Order to Show Cause as to Why All Evidence and Data from

---

[1]    On or about January 2, 2014, the Court granted John Doe's Motion for Extension of Time [ECF 8] to move to quash or otherwise reply to the ISP Subpoena, extending John Doe's time to respond until February 5, 2014.  *See* Jan. 2, 2014 Order [ECF 9].

Tobias Fieser and His Company IPP Should Not Be Precluded and These [Malibu Media copyright] Cases Dismissed (the "OSC Motion") [ECF 8 therein].

9. In addition to, and in support of, the Procedural Motion and the OSC Motion, the Doe Defendant ISP subscriber also filed the Declaration of Morgan E. Pietz re: IPP, Guardaley, and the "Oral Contingency Agreement" Malibu Media, LLC Had With Its Key Witness (the "Pietz Declaration) [ECF 9 therein]. The Procedural Motion, the OSC Motion, and the Pietz Declaration were simultaneously filed in other cases pending in this Court, specifically, Case Nos. 1:14-cv-00257-CCB and 1:14-cv-00263-RDB.

10. The Procedural Motion and the OSC Motion raise troubling issues related to the Malibu Media Copyright cases, including an allegation that Malibu Media pays the key witnesses in these cases pursuant to an "oral contingency agreement." *See generally* Procedural Mot., OSC Mot., Pietz Decl. As previously observed by Judge Motz, such contingency fee agreements "affirmatively violate the fundamental policy of Maryland and the United States." *See Farmer v. Ramsay*, 159 F. Supp. 2d 873, 883 (D. Md. 2001), *aff'd on other grounds*, 43 Fed. App'x 547, 551 (4th Cir. 2002).

11. John Doe hereby adopts and incorporates the OSC Motion and all arguments therein and exhibits thereto, including the Pietz Declaration, as if fully stated herein. John Doe further hereby adopts and incorporates the Procedural Motion with regard to the argument to temporarily stay all outstanding ISP subpoenas, as if fully stated herein.

12. The Court's ultimate decision in the Similarly Situated Litigation on the OSC Motion could substantially affect John Doe's rights and the status of this case.

13. Counsel in the Similarly Situated Litigation only recently completed briefing the matters raised in the Procedural Motion and the OSC Motion,[2] and the motions potentially could be resolved shortly.

14. Further, Malibu Media's most recent Motion for Extension of Time to serve the Summons and Complaint herein, its third, filed on or about June 10, 2014, discloses that Comcast has taken the position it is unable to respond to the ISP Subpoena until the pending motions in the Similarly Situated Litigation have been resolved by the Court because the ultimate decision on the Procedural Motion and OSC Motion could substantially affect the rights of not only the Defendants in the Similarly Situated Litigation, but of all putative John Doe Defendants in all of Malibu Media's copyright infringement cases in this district.

15. A brief stay of this matter will not prejudice Malibu Media and is in the best interest of justice and judicial economy.

16. Undersigned counsel and STSW represent multiple individuals who have received copies of subpoenas and Malibu Media Complaints.

17. In addition to the John Doe Defendant in this case, undersigned counsel and STSW have entered, or will shortly be entering their appearance, on behalf of other "John Doe" Malibu Media Defendants in the following cases currently pending in the United States District Court for the District of Maryland:

- *Malibu Media, LLC v. John Doe subscriber assigned IP address 108.3.135.114*, Case No. 1:14-cv-00222-WDQ;

- *Malibu Media, LLC v. John Doe subscriber assigned IP address 69.136.226.144*, Case No. 1:14-cv-00758-JFM; and

---

[2] Additionally, on or about April 28, 2014, Malibu Media filed a Motion to Strike the Pietz Declaration in the Similarly Situated Litigation, *see* Mot. to Strike [ECF 17], which extended the briefing process. Upon information and belief, counsel in the Similarly Situated Litigation filed the final memorandum of law on this issue just last week.

- *Malibu Media, LLC v. John Doe subscriber assigned IP address 69.140.170.247*, Case No. 8:14-cv-01222-RWT.

18. Undersigned counsel and STSW are simultaneously filing similar motions in each of the above-listed cases.

WHEREFORE, Defendant John Doe respectfully requests that this Honorable Court enter an Order staying this case and the ISP Subpoena until resolution of the pending motions in the Similarly Situated Litigation, and such other and further relief as the Court deems just and proper. A proposed Order is attached.

Dated: June 13, 2014                                Respectfully submitted,

                                                        /s/
Anne T. McKenna, Fed. Bar No. 23270
SILVERMAN|THOMPSON|SLUTKIN|WHITE|LLC
201 N. Charles Street, Suite 2600
Baltimore, Maryland 21201
Tel:     (410) 385-2225
Fax:    (410) 547-2432
amckenna@silvermckenna.com

*Counsel for Defendant, John Doe subscriber assigned IP address 98.218.21.63*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of June, 2014, a true and correct copy of the foregoing Defendant's Motion to Stay Case and Outstanding ISP Subpoena Pending Resolution of Similarly Situated Litigation was served *via* the Court's electronic filing system, Case Management/Electronic Case Files (CM/ECF), upon the following counsel of record:

Jon A. Hoppe, Esq.
Maddox, Hoppe, Hoofnagle & Hafey, L.L.C.
1401 Mercantile Lane # 105
Largo, Maryland 10774
JHoppe@mhhhlawfirm.com

*Counsel for Plaintiff, Malibu Media, LLC*

/s/
Anne T. McKenna