IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MALIBU MEDIA, LLC,

    *Plaintiff*,

    v.

                      Civil Action No.: ELH-13-03438

JOHN DOE, *subscriber assigned IP
address 98.218.21.63*,

    *Defendant.*

**MEMORANDUM OPINION**

This case arises from a claim by plaintiff Malibu Media, LLC ("Malibu") that defendant John Doe infringed upon plaintiff's copyright by distributing a variety of its copyrighted adult pornographic movies via the internet. ECF 1; *see also*, *e.g.*, ECF 1-2. The films include such titles as "Bottoms Up" and "Rolling in the Sheets." ECF 1-2.

Malibu filed its Complaint on November 15, 2013. *Id*. Defendant learned of the suit prior to January 2, 2014, the date on which his lawyer entered her appearance. But, for various reasons, discussed *infra*, plaintiff did not attempt to serve defendant until April 20, 2015. *See* ECF 43-2. This lengthy delay resulted in defendant's filing of a Motion to Dismiss (ECF 42, "MTD"), supported by exhibits. In sum, defendant complains that Malibu "had more than 520 days to serve process on John Doe in order to move this case forward, and elected to wait until the day of the service deadline to serve John Doe with an unsigned summons and the complaint it had filed back in November 2013." ECF 42 at 12-13. Accordingly, defendant asks the Court to dismiss the Complaint with prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. Alternatively, defendant seeks dismissal pursuant to Fed. R. Civ. P. 4(m), for failure

to serve defendant within the time specified by the Court, or pursuant to Fed. R. Civ. P. 12(b)(5), for insufficient service of process.[1]

Malibu opposes the MTD (ECF 43, "MTD Opposition"), with exhibits. It argues that there have been multiple, valid reasons for delay in this case, for which "Plaintiff is not responsible," and it has diligently prosecuted the case. *Id.* at 7. Further, Malibu asserts that it properly served defendant on April 20, 2015. *Id.* at 2; *see also* Ex. 2 to MTD, ECF 43-2 ("Affidavit of Service").

Defendant has replied (ECF 44, "Reply"), and submitted several additional exhibits. Thereafter, Malibu filed a "Motion For Leave To File A Sur-Reply . . . ." ECF 45. *See* Local Rule 105.2(a) (requiring leave of court to file a surreply). I granted ECF 45 before defendant had responded and before his time to respond had expired. ECF 46 ("Surreply Order"). Defendant subsequently moved to rescind the Surreply Order (ECF 48, "Motion to Rescind"), arguing that the Surreply is inappropriate because it "merely seeks to reargue issues previously argued in the parties' earlier briefs." *Id.* at 4. Malibu did not respond to the Motion to Rescind, and its time do so has expired. *See* Local Rule 105.2(a).

No hearing is necessary to resolve the MTD or the Motion to Rescind. *See* Local Rule 105.6. For the reasons that follow, I will grant the MTD in part and deny it in part. In particular, I will deny defendant's request for dismissal of the case. However, I will construe defendant's request for dismissal as an alternative motion to quash Malibu's insufficient service of process,

---

[1] Defendant also seeks an award of costs and attorney's fees, pursuant to Fed. R. Civ. P. 54(d) and 17 U.S.C. § 505. ECF 42 at 15-18. Because defendant's arguments on this point assume that he is the "prevailing party," *e.g.*, *id.* at 15, 16, and because I will not dismiss the Complaint, I need not address defendant's request for costs and fees.

and I will grant that request. Therefore, within ten days from the date of docketing of the Order accompanying this Memorandum, plaintiff must serve defendant with process that complies with Fed. R. Civ. P. 4. I will also grant the Motion to Rescind.

## I. Procedural History and Factual Background

As noted, Malibu filed its Complaint on November 15, 2013. ECF 1. At the time of filing, plaintiff knew defendant only by the Internet Protocol ("IP") address of his computer. *Id.* ¶ 9. Plaintiff alleged that defendant's Internet Service Provider ("ISP") could identify defendant based on the IP address. *Id.* ¶ 10. Accordingly, on the same day Malibu filed its Complaint, it filed a "Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference" (ECF 4), supported by exhibits and a memorandum of law. In that motion, Malibu sought to serve defendant's ISP, Comcast Cable ("Comcast"). ECF 4-1 (Memo) at 3. On November 19, 2013, I granted plaintiff's motion. ECF 6 ("Discovery Order").

Pursuant to my Discovery Order, Malibu was permitted to serve a subpoena on Comcast, requesting the identity and contact information of a Comcast subscriber matching an IP address provided by Malibu to Comcast. ECF 6 at 3. However, Comcast was instructed to withhold the subscriber's identity and information from Malibu until Comcast had provided the subscriber with the following, *id.*:

> a. Notice that this suit has been filed naming the Doe Subscriber as the one that allegedly downloaded copyright protected work;
>
> b. A copy of the subpoena, the complaint filed in this lawsuit, and th[e Discovery] Order;
>
> c. Notice that the ISP will comply with the subpoena and produce to Malibu the Information sought in the subpoena unless, within 30 days of service of the subpoena, the Doe Subscriber files a motion to quash the subpoena or for other appropriate relief in this Court. …

In the event that the subscriber opted to file a motion to quash the subpoena, the Discovery Order also directed Comcast to continue withholding the subscriber's identity and information from plaintiff until the Court resolved the motion to quash. *Id*. at 3-4. Moreover, the Discovery Order provided that the subscriber could file his motion to quash anonymously; although he would need to provide his name and contact information to the Court, he could withhold it from Malibu. *Id*. at 4.

Finally, the Discovery Order limited Malibu's use of the information it would obtain from Comcast. *Id*. at 4-6. Specifically, Malibu was instructed to use the information only "to determine whether, pursuant to [Federal] Rule [of Civil Procedure] 11(b), it has sufficient information to amend the complaint to name as an individual defendant the Subscriber." *Id*. at 4. Malibu was authorized to depose the subscriber to obtain this information, if necessary. *Id*. at 5.

It appears that, sometime after I issued the Discovery Order and before January 2, 2014, Malibu served the subpoena on Comcast, and Comcast notified the subscriber of the suit and the subpoena. On January 2, 2014, Anne Toomey McKenna, Esq. entered her appearance as counsel for defendant. ECF 7.[2]

Approximately one month later, on February 2, 2014, defendant filed a "Motion to Quash the Subpoena or in the Alternative for a Protective Order and for Costs and Attorney's Fees." ECF 10 ("Motion to Quash"). In his Motion to Quash, defendant noted that he had received a copy of the Complaint, my Discovery Order, and the subpoena served on Comcast. *Id*. at 1. Defendant contended that Malibu is "generally recognized as a 'copyright troll,'" *id.* at 2, *i.e.*, "a

---

[2] Obviously, defendant would have known of the suit before counsel entered her appearance. And, given the holiday season that ended on January 1st, it is reasonable to assume that defendant learned of the suit at least by mid December 2013.

party that enforces copyrights it owns for purposes of making money through litigation, in a manner considered unduly aggressive or opportunistic … ." *Id*. at 2 n.1. Defendant "vehemently" denied Malibu's allegations, *id.* at 2, and accused Malibu of suing him in bad faith. *Id*. at 2-7. He submitted evidence outside the pleadings that he asserted proved he did not infringe Malibu's copyright. *See* ECF 10-2 (Affidavit of John Doe); ECF 10-3 (Affidavit of forensic investigator). Malibu opposed the Motion to Quash, arguing that defendant's factual arguments were premature, and that Malibu was entitled to ascertain defendant's identity. ECF 13. Defendant replied. ECF 14.

While defendant's Motion to Quash was pending, Malibu filed its first motion to extend the Fed. R. Civ. P. 4(m) deadline for service of process. *See* ECF 15 ("First Motion"). Malibu argued that it could not serve defendant within the Rule 4(m) deadline because it did not yet know defendant's "true identity," as Comcast continued to withhold it. *Id*. at 1. As stated, the Discovery Order prohibited Comcast from releasing defendant's identity and contact information during the pendency of the motion to quash. ECF 6 at 3-4. Therefore, I granted Malibu's First Motion and ordered Malibu to serve defendant within thirty days after a ruling on the Motion to Quash. ECF 16.

On April 11, 2014, I denied in part and granted in part defendant's Motion to Quash. *See* ECF 17. In particular, I denied defendant's request that I quash the subpoena served on Comcast, explaining that defendant's "argument and evidence [were] directed toward the ultimate question of liability in the case, but they [did] not establish grounds for quashing the subpoena." *Id*. at 2. However, I granted defendant's request that he be permitted to continue to

proceed anonymously.  *Id.*  I instructed plaintiff to refer to defendant anonymously in all future filings, and to "serve any amended complaint on counsel for the John Doe defendant."  *Id.* at 2.

Approximately thirty days later, on May 12, 2014, Malibu filed its second motion for extension of its deadline to serve defendant.  ECF 18 ("Second Motion").  Malibu stated it had forwarded my Order denying the motion to quash the subpoena to Comcast, but Comcast still had not provided Malibu with defendant's name and information.  *Id.* ¶ 4.  Accordingly, I granted Malibu's Second Motion, giving Malibu until June 10, 2014, to serve defendant.  ECF 19.

On June 10, 2014, Malibu filed its third motion for extension of time to serve defendant.  ECF 20 ("Third Motion").  It stated, *id.* (some citations omitted):

> 4. Upon receipt of the Order on Defendant's Motion [to Quash], Plaintiff requested that the ISP [Comcast] comply with the subpoena by releasing the Defendant's identity to the Plaintiff.  To date, the ISP refuses to comply with the subpoena because of Defendants' Motions for Order to Show Cause as to Why All Evidence and Data from Tobias Fieser and His Company IPP Should Not Be Precluded and These Cases Dismissed, filed in three other cases currently pending in this district.  [*See* MJG-14-00223; RWT-14-00257; PWG-14-00263].

> 5.  The ISP has advised that it is unable to produce the Defendant's identity to Plaintiff until after those pending motions have been adjudicated.

Malibu requested an extension of its service deadline until July 10, 2014.  *Id.* at 2.  I granted the Third Motion.  ECF 21 (Order).

Three days later, on June 13, 2014, defendant filed a "Motion to Stay Case and Outstanding ISP Subpoena Pending Resolution of Similarly Situated Litigation."  ECF 22 ("Motion to Stay").  In his Motion to Stay, defendant discussed other cases filed in this District by Malibu, assigned to other judges ("Related Cases").  *E.g.*, ECF 22 ¶ 8. He explained that an anonymous defendant in one of those cases had also filed a motion to consolidate all the cases

- 6 -

brought by Malibu in this District and to temporarily stay all outstanding subpoenas served on ISPs.  *Id*.; *see also*, *e.g.*, *Malibu Media*, *supra*, MJG-14-00223 (ECF 7).  In addition, defendant explained that the Related Cases involved procedural motions, which defendant adopted.  *Id*. ¶¶ 8, 9, 11.  Therefore, defendant asked the Court to stay this case until resolution of the motions in the Related Cases that were likely to affect his interests in this case.  *Id*. ¶¶ 9-15.  I granted defendant's Motion to Stay on July 2, 2014, ECF 24, pending resolution of the procedural motions in the Related Cases.  Those motions were to be jointly heard by Judges Garbis, Titus, and Grimm.

During the stay, on July 10, 2014, Malibu filed its fourth motion for extension of its service deadline.  ECF 25 ("Fourth Motion").  Malibu noted that the motions hearing in the Related Case was scheduled for July 30, 2014.  ECF 25 ¶ 4.  Therefore, Malibu requested an extension of its service deadline until 60 days after the hearing, *i.e.*, September 29, 2014.  *Id*. ¶ 6. I granted the Fourth Motion.  ECF 26.

On September 29, 2014, Malibu filed its fifth motion for extension of its service deadline. ECF 27 ("Fifth Motion").  It stated that the hearing on motions in the Related Cases had gone forward as expected on July 30, 2014, and that an "order was issued September 18, 2014 denying the Defendants' motions and allowing [this] case to proceed accordingly."  *Id*. ¶ 4; *see also Malibu Media, LLC v. Doe*, MJG-14-00223, RWT-14-00257, PWG-14-00263, 2014 WL 4682793 (D. Md. Sept. 19, 2014) (opinion by Judges Garbis, Titus, and Grimm, in consolidated consideration of motions, following consolidated hearing on motions).  Further, Malibu explained that it forwarded a copy of that order to Comcast on or about September 19, 2014, *id*. ¶ 4, but that, as of the date of its Fifth Motion, it still did not know "Defendant's true identity,"

and therefore could not "complete service on them [sic] by the current deadline." *Id.* ¶ 5.  I granted Malibu's Fifth Motion and ordered Malibu to serve defendant by November 13, 2014. ECF 28.

On November 12, 2014, Malibu filed its sixth motion for extension of its service deadline.  ECF 29 ("Sixth Motion").  Malibu indicated that Comcast had not yet provided it with defendant's name and information, but that Malibu had been "in close communication with Comcast and expects them to comply soon … ." *Id.* ¶ 6.  Malibu requested an extension of the service deadline until December 28, 2014, *id.* ¶ 8, which it represented would "allow Comcast sufficient time to provide Plaintiff with the identifying information and enable Plaintiff to investigate whether to proceed against Defendant and file all necessary documents in order to effectuate service on the Defendant." *Id.* ¶ 9.  I granted the Sixth Motion.  ECF 30.

Malibu filed its seventh motion for extension of its service deadline on January 6, 2015 (ECF 31, "Seventh Motion"), more than a week after its Court-ordered deadline of December 28, 2014.  *See* ECF 30.  Malibu asked the Court to extend its service deadline to February 11, 2015, ECF 31 ¶ 7, stating, *id.* ¶ 5:  "The ISP is experiencing some delays due to the large amount of cases stayed in this district.  Plaintiff is expecting a response soon.  Despite Plaintiff's numerous attempts a response has yet to be received."  I granted the Seventh Motion.  ECF 32.

On January 12, 2015, Malibu filed a motion asking the Court to lift the stay entered in July 2014.  ECF 33.  I granted that motion.  ECF 34.

Malibu filed its eighth motion for extension of its service deadline on February 10, 2015. ECF 35 ("Eighth Motion").  Malibu stated that in September 2014, it had forwarded to Comcast a copy of the Order denying certain motions in the Related Cases, *id.* ¶ 4, as discussed, *supra*, yet

the "ISP still refused to issue a response until the Stay was lifted in this particular case." *Id*. ¶ 5.[3]

Malibu asserted:  "Plaintiff immediately forwarded said Order to the ISP," ECF 35 ¶ 6, and

received Comcast's response on January 27, 2015.  *Id*. ¶ 7; *but see* Opposition, ECF 43 at 6

(stating Malibu received "the subscriber's identifying information from Comcast" on January 23,

2015); *id*. at 8.  Malibu explained that after its "initial investigation of the information provided

by the ISP," it "had reason to believe that the infringer is not the subscriber … , but another

individual residing at the subscriber's home." *Id*. ¶ 8.  It scheduled a deposition of defendant for

March 2, 2015.  *Id*.  It also said:  "The Defendant and Plaintiff have been in active settlement

negotiations."  *Id*.  Malibu requested an extension until March 30, 2015, to effect service of

process.  *Id*. ¶ 10.  I granted the Eighth Motion.  ECF 36.

On March 30, 2015, Malibu filed its ninth motion for extension of its service deadline.

ECF 37 ("Ninth Motion").  Plaintiff recounted the procedural history of the case and added:

"The parties have made numerous attempts at scheduling the Deposition of the subscriber.

However, due to a scheduling conflict the [D]eposition had not been able to be scheduled.

Counsel has now scheduled a set date for the Deposition [of] March 31, 2015."  *Id*. ¶ 9.  Malibu

did not explain why the deposition did not occur on the previously stated date of March 2, 2015.

*Id*.  It argued that the deposition "holds importance in order to properly litigate against the

correct Infringer," *id*. ¶ 10, and requested a further extension of the service deadline until May

14, 2015.  *Id*. ¶ 12.  I granted the Ninth Motion, in part.  ECF 38.  Specifically, I extended

Malibu's service deadline, but only until April 20, 2014, rather than the requested date of May

---

[3] As noted, Malibu filed a motion to lift the stay on January 12, 2015 (ECF 33), which I
granted on January 13, 2015.  ECF 34.

15, 2015.  ECF 37 ¶ 12.  And, I said:  "This Order is entered without prejudice to defendant's right to move to dismiss under Rule 12(b)(5)."  ECF 38.

The docket reflects that Malibu electronically submitted a proposed summons to the Clerk of the Court for the first time on April 20, 2015.  The summons was addressed to John Doe, care of defendant's attorney, Anne T. McKenna (*see* ECF 39), who had appeared in the case more than one year earlier, on January 2, 2014.  ECF 7.  The Clerk issued and electronically filed a signed copy of the summons that same day.  ECF 40.

Defendant filed the pending Motion soon after, on May 11, 2015.  ECF 42.  He attached five exhibits, including the Affidavit of Sima G. Fried, Esq., an associate at the law firm that serves as counsel for defendant.  ECF 42-2 ("Fried Aff.") ¶ 2.  In her Affidavit, Ms. Fried avers that on "April 20, 2015, at approximately 12:02 p.m.," she "was notified that a process server was waiting" at her firm's "reception desk with documents to be served in this case."  *Id.* ¶ 3. She continued:  "I promptly presented myself at reception where I met the process server.  He handed me a copy of the original Complaint in this matter and an unexecuted summons."  *Id.* ¶ 4. Further, she states: "Thereafter, at approximately 12:56 p.m., the Clerk's Office docketed an executed summons."  *Id.* ¶ 5.

As stated, Malibu opposes the Motion.  Opposition, ECF 43.  In support of its Opposition, Malibu submitted an Affidavit of Service by Michael Daigneault.  ECF 43-2 ("Affidavit of Service").  It also submitted a document identified in the Opposition as a copy of the summons Mr. Daigneault served on defendant.  ECF 43-3.  The Affidavit of Service, sworn before a notary public on April 20, 2015, indicates that Mr. Daigneault served "Sima Fried" at the office of defendant's counsel "on the 20th day of April, 2015 at 12:00 pm."  ECF 43-2.  The

Affidavit also indicates that Mr. Daigneault served the summons, complaint, or both "with the date and hour of service endorsed thereon by" Mr. Daigneault. *Id.* The summons Mr. Daigneault purportedly served on Ms. Fried does not include an endorsement of the date and hour of service, but it does include at the top the following text: "Case 1:13-cv-03438-ELH [/] Document [illegible] [/] Filed 04/20/15 [/] Page 1 of 2." ECF 43-3. The illegible portion of the text may be the number 40 superimposed over the number 39, which indicates that it is a copy of the summons electronically filed by Malibu as ECF 39 and by the Clerk of the Court as ECF 40, both of which were filed on April 20, 2015. ECF 43-3.

In defendant's Reply (ECF 44), he argued at length, again, that Malibu has proceeded in bad faith and that this case is just one example in a long pattern and practice of extortionate suits. *See generally id.* He attached a number of exhibits to his Reply, including a Supplemental Affidavit of Ms. Fried (ECF 44-1, "Fried Supp. Aff."), and what she avers is a "true and correct copy of the unexecuted Summons and Complaint that was served upon [her] by Malibu Media's process server on April 20, 2015 at approximately 12:02 p.m." *Id.* at 2 ¶ 7; *see also* ECF 44-1 at 14-25 (copy of summons and complaint). The summons submitted by defendant is blank where the Clerk's signature and seal should be. ECF 44-1 at 14. It is not endorsed with any date or hour of service. *Id.* It is not marked with ECF 39 or ECF 40 at the top. *Compare* ECF 44-1 with ECF 43-3. There is what appears to be a small post-it note attached, with the handwritten words, "Serve these docs." *Id.*

Defendant also attached to his Reply a document that Ms. Fried represents is a "true and correct copy of the Notice of Electronic Filing email for the Summons issued by the Clerk of Court [ECF 40], and a copy of that document, showing that the Court electronically issued and

docketed the Summons on April 20, 2015 at approximately 12:56 p.m." ECF 44-1 at 2 ¶ 9 (brackets in original); *id.* at 32-35.

Ten days after defendant replied, Malibu filed a motion for leave to file a Surreply. ECF 45. Malibu argued: "Defendant's Reply … asserts new facts, new arguments, and makes several misrepresentations that warrant clarification. Specifically, Defendant's Reply claims that Plaintiff made misrepresentations regarding service of process." *Id.* at 1. Malibu then explained that its process server obtained a signed summons from the Clerk before the signed summons was electronically filed by going to the Clerk's office in person. *Id.* at 2. Malibu stated it would file an affidavit from the process server if the Court granted its motion for leave to file a Surreply. *Id.* Malibu also offered new legal arguments, *id.* at 2-3, and generally argued, again, that it is not proceeding in bad faith. *Id.* at 3-10.

I granted Malibu's motion for leave to file a Surreply on June 26, 2015. ECF 46. On June 29, 2015, Malibu filed a Declaration of Michael Daigneault. ECF 47-1. As stated, defendant has filed a "Motion to Rescind Order Granting Plaintiff Leave to File a Surreply." ECF 48. In sum, defendant asks the Court to strike Malibu's Surreply because defendant believes there is no reason Malibu could not have presented the same evidence and arguments in its Opposition and, therefore, it should not be allowed a "second bite at the apple." *Id.* at 2. As of the date of this Memorandum, Malibu has not responded to the Motion to Rescind, and its deadline to respond has since passed. *See* Local Rule 105.2(a).

## II.  Discussion

### A.  Motion to Rescind

Local Rule 105.2(a) provides that parties are not permitted to file Surreply memoranda in courts of this District without permission of the court.   Thus, "[a]llowing a party to file a Surreply is within the Court's discretion, *see* Local Rule 105.2(a), but they are generally disfavored." *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part*, 778 F.3d 463 (4th Cir. 2015); *see also, e.g.*, *Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 679 (D. Md. 2013).   A Surreply may be permitted "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Clear Channel Outdoor, Inc. v. Mayor & City Council of Baltimore*, 22 F. Supp. 3d 519, 529 (D. Md. 2014) (quotations and citations omitted).

Defendant asks me to rescind my Surreply Order (ECF 46), granting Malibu leave to file a Surreply.   *See* Motion to Rescind, ECF 48.   Defendant argues, *id.* at 1-2 (alterations in original):

> Malibu's Surreply is inappropriate because it merely seeks to reargue issues previously argued and addressed in John Doe's Motion to Dismiss (the "Motion to Dismiss" [ECF 42]).   Malibu fails to identify or otherwise address in its Surreply any **new** matters raised in John Doe's Reply in Support of His Motion to Dismiss (the "Reply" [ECF 44]) that had not already been discussed in the Motion to Dismiss.   Each of the issues Malibu addresses in its Surreply were previously raised and/or *could have been raised* in Malibu's Opposition to the Motion to Dismiss (the "Opposition" [ECF 43]).   Unfortunately for Malibu, the legal standard for granting leave to file a Surreply does not support allowing Malibu a second bite at the apple.

As stated, Malibu did not respond to defendant's Motion to Rescind.

The Court has inherent authority to alter or rescind its own interlocutory orders.   *John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 88 (1922) ("If it be only interlocutory, the court at

any time before final decree may modify or rescind it."); *see also*, *e.g.*, *Faye v. High's of Baltimore*, 541 F. Supp. 2d 752, 756-57 (D. Md. 2008) (relying on inherent authority of the court to rescind interlocutory order).

I agree with defendant that Malibu has not provided any reason to permit it a "second bite at the apple." *See*, *e.g.*, *Clear Channel Outdoor, Inc.*, 22 F. Supp. 3d at 529 (denying motion to file Surreply where the purportedly new arguments advanced in a reply responded directly to the movant's own response in opposition). Malibu has not pointed the Court to any new arguments in defendant's Reply that were not also included in defendant's MTD, nor have I discerned any. I am persuaded that there is no reason to permit plaintiff a second opportunity to respond to those arguments. Accordingly, I will grant the motion to rescind the Surreply Order, on the ground that it was improvidently granted. *See* ECF 48; ECF 46.

## B.  Service of Process

Fed. R. Civ. P. 4(m) requires a plaintiff to serve a defendant "within 120 days after the complaint is filed." If a defendant is not served within that time, "the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*. However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Subpart (c) mandates that a "summons must be served with a copy of the complaint." *See Danik v. Hous. Auth. of Baltimore City*, 396 F. App'x 15, 16 (4th Cir. 2010) ("The federal rules require that a defendant be served with the complete pleading and a copy of the summons."). Subpart (a) specifies the contents that a summons must include. Of relevance here, the summons "must … (F) be signed by the clerk; and (G) bear the court's seal." Process may be served, *inter alia*, by "delivering a copy" of the summons and

complaint "to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2)(C).   Pursuant to Subpart (l)(1), a plaintiff must submit proof of service of process "by the server's affidavit."   But, "[f]ailure to prove service does not affect the validity of service," and the "court may permit proof of service to be amended."   Fed. R. Civ. P. 4(l)(3).

Fed. R. Civ. P. 12(b) provides that, before submitting a responsive pleading, a defendant may move to dismiss a complaint for "(4) insufficient process" or "(5) insufficient service of process."   Generally, "[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service," and a "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery[ ] of the summons and complaint." Wright & Miller, 5B FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2004).   "Once service has been contested," as here, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4."  *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006); *accord, e.g.*, *Baylor v. Wegman's Food Mkt. Inc.*, WDQ-14-03330, 2015 WL 4396609, at *1 (D. Md. July 16, 2015).

Insufficient service of process does not always necessitate dismissal.  *See, e.g.*, *Pugh v. E.E.O.C.*, DKC-13-02862, 2014 WL 2964415, at *3 (D. Md. June 30, 2014).   Rather,   "'when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally.'"  *Miller v. Baltimore City Bd. of Sch. Comm'rs*, 833 F. Supp. 2d 513, 516 (D. Md. 2011) (quoting *O'Meara*, *supra*, 464 F. Supp. 2d at 476).   Generally, "[w]here 'the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service.'  *Vorhees v. Fischer & Krecke*,

697 F.2d 574, 576 (4th Cir. 1983) (*quoting Bailey v. Boilermakers Local 667 of Int'l Bhd. of Boilermakers*, 480 F. Supp. 274, 278 (N.D.W.Va.1979))." *Pugh*, 2014 WL 2964415, at *3.

Here, defendant asserts that Malibu's process was ineffective because the summons that was personally served on Ms. Fried, *see* ECF 44-1 at 14-25, was not signed by the Clerk, as required by Fed. R. Civ. P. 4(a)(1)(F). Malibu, in contrast, contends that Mr. Daigneault personally served defendant's counsel with a summons that was signed by the Clerk of the Court and accompanied by a copy of the Complaint. *See*, *e.g.*, Affidavit of Service, ECF 43-2. The parties rely on competing affidavits and conflicting copies of the summons purportedly served by Mr. Daigneault on April 20, 2015. *Compare id. and* ECF 43-3 *with* ECF 44-1 at 14-25.

As noted, the parties have presented conflicting affidavits. However, the court cannot make credibility determinations based on paper. *Cf. Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015). Nevertheless, I need not resolve the disputed facts because, regardless of which party's version of the facts is correct, dismissal of the suit is not warranted.

As indicated, Malibu sought to ascertain defendant's identity from his ISP, Comcast, via a subpoena. But, pursuant to my Discovery Order (ECF 6), Comcast was required to provide defendant with notice of the suit and a copy of the Complaint before releasing defendant's name and contact information to Malibu. *See* ECF 6 at 3. Given that defendant's attorney entered her appearance in the case on January 2, 2014 (ECF 7), it is apparent that defendant knew of the suit before that date. Moreover, defendant acknowledged in a motion submitted to this Court in February 2014 that Comcast had sent him a copy of the Complaint. ECF 10 at 1. And, defendant implicitly acknowledges that on April 20, 2015, he received a copy of the Complaint

by personal service and a copy of the summons electronically, which contained the signature and seal of the Clerk of this Court, *i.e.*, within the deadline for service set by this Court. *See* Fried Supp. Aff., ECF 44-1 at 2 ¶¶ 7, 9; *id.* at 14-25, 32-35. As I see it, these facts do not warrant dismissal of the case. *See*, *e.g. Miller*, *supra*, 833 F. Supp. 2d at 519 (denying Rule 12(b)(5) motion to dismiss where service was addressed to the wrong person, but defendant admitted he had received the service and had actual notice of the suit).

Instead, I will construe defendant's request for dismissal as a motion to quash Malibu's insufficient service of process. Because I am not persuaded that plaintiff has carried its burden to prove effective service of process, I will grant the motion. *See O'Meara*, 464 F. Supp. 2d at 478 (stating plaintiff bears the burden and that "the plain requirements for the means of effecting service may not be ignored"). And—because, as discussed, *infra*, I will also deny defendant's request that I dismiss this case pursuant to Fed. R. Civ. P. 41—I will order Malibu to serve defendant with a copy of the Complaint and a summons that fully complies with Fed. R. Civ. P. 4, within ten days from the date of docketing of the Order accompanying this Motion.

### B. Prosecution of the Case

"A district court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for this sanction.'" *U.S. ex rel. Curnin v. Bald Head Island Ltd.*, 381 F. App'x 286, 287 (4th Cir. 2010) (quoting *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991)). Fed. R. Civ. P. 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Moreover, the rule provides that, "[u]nless the dismissal order states otherwise," a dismissal under the rule "operates as an adjudication on the merits." *Id.*

Nevertheless, "[w]hile the power to dismiss clearly lies with the district courts, it is appropriately exercised only with restraint. 'Against the power to prevent delays must be weighed the sound public policy of deciding cases on their merits.'" *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978) (citation omitted).  The Fourth Circuit has said:  "[I]t has been the view of this and other courts of appeals that the dismissal power should be exercised 'only on the face of a clear record of delay or contumacious conduct by the plaintiff.'"  *Id*. (quoting *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)).  Put another way, "[d]ismissal with prejudice is ordinarily reserved for the most egregious cases."  *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998).

In order to evaluate whether dismissal under Rule 41(b) for failure to prosecute is appropriate, the Fourth Circuit has articulated a four-factor test: a court must consider: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990); *accord*, *e.g.*, *Fisher v. Snowden*, 439 F. App'x 206, 207 (4th Cir. 2011).

Here, as to the first factor, defendant argues that Malibu is "not blameless."  MTD, ECF 42 at 10.  As in his Motion to Quash, defendant asserts that this case is just like thousands of others Malibu has filed across the nation, in bad faith.  He argues:  "[A]s it has done in many other cases, Malibu Media has stalled and dragged out the case for as long as possible—keeping the fear factor alive and defense costs increasing—in the hopes that the subscriber will buckle, cry 'uncle,' and pay a settlement for freedom from fear and defense costs." *Id*. at 11.

With respect to the second factor, defendant argues he has suffered prejudice because "Comcast has stated that it is no longer in possession of the data[ ] showing the [identifying information] of the particular device(s) [as opposed to only the internet router, identifiable by its IP address] that allegedly used John Doe's wireless router to share Malibu Media's copyrighted works" over the internet. *Id*. Further, he argues that each extension of Malibu's service deadline caused defendant to incur "unnecessary additional costs and attorney's fees." *Id*. at 12.[4]

As to the third factor, defendant reiterates his arguments that Malibu is proceeding in bad faith in this case just as in "the thousands of cases it has commenced across the country." *Id*. With respect to the fourth factor, defendant asserts: "[C]onsidering the number of cases that Malibu Media has pending and the extensive delays in this and other cases, there is no sanction short of dismissal that would effectively communicate to Malibu Media the importance of diligently prosecuting cases it elects to bring." *Id*.

In response, Malibu blames defendant for the long delay in Malibu's service of process. Opposition, ECF 43. It argues: "Defendant sought to have this case delayed by filing a Motion to Quash and then later a Motion to Stay … , preventing Plaintiff from receiving his identity for months." *Id*. at 1; *see also id.* at 7-8. Malibu also asserts that, "[g]iven Defendant's affidavits and cries of innocence, Plaintiff absolutely had to depose him prior to service," in order to comply with Fed. R. Civ. P. 11(b). *Id*. at 8. Rule 11(b) states, in relevant part: "By presenting to the court a pleading, … an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: … (3) the factual contentions have evidentiary support or … will likely have evidentiary support … ."

---

[4] Defendant does not explain how he incurred such costs, particularly given that he did not respond to these motions.

In addition, Malibu maintains that "Defendant has suffered no prejudice from any delay." *Id*. at 7.  It observes:  "Defendant could have requested his own records from Comcast at any point had he chosen to do so.  Indeed, as a Comcast customer, as soon as Comcast notified Defendant of the lawsuit [*i.e.*, on or before January 2, 2014], he could have requested this information." *Id*. It concludes:  "Plaintiff has violated no Court orders, and this Court has never warned Plaintiff that this case was subject to dismissal with prejudice." *Id*. at 8

In his Reply, defendant reiterates his belief that Malibu's "true motive" is "to extract a settlement from John Doe by creating an omnipresent threat of litigation without expending any effort to litigate this case." ECF 44 at 2.  He faults Malibu in particular for delaying the case by failing to move sooner to lift the stay that defendant had requested.  *Id*.  Defendant also points out what he believes to be Malibu's ongoing misrepresentations to this Court and erroneous arguments regarding delay, *id*. at 3-8, and his belief that Malibu lacks a good faith basis to proceed against him.  *Id*. at 8-12.

To be sure, the case has a protracted procedural history that has resulted in unfortunate delay.  Nevertheless, having considered the parties' extensive arguments, I will deny defendant's request for dismissal for failure to prosecute.[5]

Malibu does not dispute that it has filed many cases, just like this one, across the country. Indeed, Malibu has six other similar cases currently pending before this judge alone.  *See* ELH-15-1047, ELH-15-1048, ELH-15-1718, ELH-15-1864, ELH-15-1866, ELH-15, 1868.  Moreover,

---

[5] As with his Motion to Quash, many of the arguments defendant presents in his MTD are factual assertions better aimed at the ultimate question of liability.  Moreover, many of the arguments in defendant's MTD appear to be arguments for sanctions under Fed. R. Civ. P. 11, rather than arguments for dismissal under Rule 41.  *See*, *e.g.*, Reply, ECF 44 at 8-12 (arguing Malibu lacks a good faith basis to proceed against defendant based on the results of expedited discovery).

Malibu has given reasons to question some of its representations to the Court. *See*, *e.g.*, Eighth Motion, ECF 35 ¶ 7 (stating Malibu obtained defendant's information from Comcast on January 27, 2015); Opposition, ECF 43 at 6, 8 (providing a date of January 23, 2015); ECF 35 ¶ 8 (stating Malibu would depose defendant on March 2, 2015); Ninth Motion, ECF 37 ¶ 9 (stating the "deposition had not been able to be scheduled" despite "numerous attempts at scheduling").

However, based on the evidence and arguments presented to me, it appears that, despite the inordinate delay in this case, it cannot be blamed entirely on Malibu. For the reasons discussed, *supra*—including my Discovery Order, defendant's Motion to Quash, and defendant's request for a stay of this case pending resolution of motions in three Related Cases—Malibu did not obtain defendant's name and identity from Comcast until January 2015, and was not able to depose defendant until late March 2015.

Moreover, defendant received a copy of the suit before January 2, 2014, when his lawyer entered her appearance. If defendant wanted to move the case forward, he could have voluntarily submitted to a deposition under the protection of my Discovery Order, and/or agreed to accept service. *Cf.* Fed. R. Civ. P. 4(d)(1).[6] Finally, although Malibu has not persuaded me that it served defendant with a proper summons, Malibu did provide defendant with actual notice of the suit and the complaint less than one month after deposing him.

Under these circumstances, dismissal of the suit, with or without prejudice, is not appropriate. *See Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 472 (4th Cir. 1993) ("Th[e] policy of deciding cases on their merits is so strong that, when a plaintiff has committed

---

[6] Of course, defendant had no obligations to submit voluntarily to the deposition or to volunteer to accept service of process. However, it seems a bit disingenuous for defendant to complain about delay that he could have avoided.

a procedural error, we will allow a district court to impose on him the harsh sanction of prejudicial dismissal, only in the extreme cases, where the plaintiff has shown a clear record of delay or has engaged in contumacious conduct.") (quotations and citations omitted).

### Conclusion

For the foregoing reasons, I will deny the MTD (ECF 42) in part and I will grant it in part. I will not dismiss the case, but I will order corrected service of process. And, I will grant the Motion to Rescind (ECF 48).

A separate Order follows, consistent with this Memorandum.


Date:  August 13, 2015                        _____/s/_____
                                              Ellen Lipton Hollander
                                              United States District Judge